## TERRITORY OF HAWAII *v.* URBANO BALAROSA.

### No. 2358.

ARGUED SEPTEMBER 7, 1938.     DECIDED NOVEMBER 5, 1938.

PETERS, J., CIRCUIT JUDGE STAFFORD IN PLACE OF COKE, C. J., ABSENT, AND CIRCUIT JUDGE LE BARON IN PLACE OF KEMP, J., DISQUALIFIED.

OPINION OF THE COURT BY PETERS, J.

To a criminal charge pending against him before a district magistrate for a misdemeanor the defendant in error pleaded guilty and was sentenced accordingly. Thereafter

on the same day he moved the magistrate "that the above entitled matter be reopened" and the judgment and sentence be vacated and set aside upon the ground "that the same is contrary to law." In his affidavit filed in support of his motion he averred "that he was allowed to plead guilty without fully understanding the nature and cause of the accusation * * * that he had not been given the opportunity to consult with his witnesses before the hearing, much less the right to have the assistance of counsel for his defense." This motion was in effect a motion to withdraw the plea of guilty theretofore entered and to substitute therefor one of not guilty. We so consider it. The magistrate denied the motion and from the order of denial the defendant in error appealed to the circuit court on points of law one of which was abuse of discretion. The circuit court held that the magistrate in refusing to permit the defendant in error to withdraw his plea of guilty had been guilty of an abuse of discretion, reversed the order of the magistrate and remanded the cause accordingly. From the order of the circuit court the Territory prosecuted a writ of error.

The defendant in error now moves that the writ of error be dismissed upon the ground "that the ruling by the Circuit Court * * * in holding that the District Magistrate * * * had abused its discretion in denying Defendant's (Defendant-in-Error) motion to reopen, does not constitute a ruling on a question of law adverse to the Territory upon which this Writ of Error is sought and predicated but that such ruling made by the said Judge of the Circuit Court * * * is solely on a question of fact."

The law under which the writ of error was prosecuted by the Territory in the instant case is to be found in section 3551, R. L. 1935, the full text of which is quoted in

the margin.[1] The ground of appellee's motion involves the construction of that portion of the statute which permits a writ of error to be taken by and on behalf of the Territory "from a ruling on a question of law adverse to the Territory where the defendant was convicted and appeals from the judgment." We deem it unnecessary however to pass upon the question whether the ruling of the circuit court is "a ruling on a question of law" within the meaning of the statute. Assuming arguendo that an appeal may be taken to the circuit court upon points of law to review the discretion of a district magistrate the position of the appellee in this court upon his motion to dismiss is, to say the least, a trifle inconsistent. But a more serious obstacle exists to the invocation by the Territory of the jurisdiction of this court upon writ of error. The writ in the present case seeks to review an order purely interlocutory. Much may occur before the final determination of the cause by a conviction or acquittal of the defendant in error. Upon remand the magistrate no doubt will grant the motion and in the event of a trial the defendant may be acquitted. If, on the other hand, he is convicted he may still avail himself of his right to appeal to the circuit court and have a trial *de novo*. In the circuit court he may be

---

[1] "Sec. 3551. By Territory in criminal cases. A writ of error may be taken by and on behalf of the Territory from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances, to-wit:

"From an order or judgment quashing, setting aside or sustaining a demurrer to, any indictment or information or any count thereof;

"From an order or judgment, sustaining a special plea in bar, where the defendant has not been put in jeopardy;

"From an order granting a new trial;

"From an order arresting judgment;

"From a ruling on a question of law adverse to the Territory where the defendant was convicted and appeals from the judgment;

"From the sentence, on the ground that it is illegal;

*provided* that no writ of error shall be taken by or allowed the Territory in any case where there has been a verdict in favor of the defendant."

acquitted. In the event of conviction in that court he may still avail himself of the ordinary methods of appeal to this court.

The statute clearly contemplates that a writ of error may be taken by and on behalf of the Territory only after final disposition of the cause in the court to which the writ lies. All the orders enumerated in the statute, including sentence, from which a writ of error may be prosecuted are final in their nature with the possible exception of rulings on questions of law adverse to the Territory and in the latter instance the writ will lie only where the defendant was convicted and appeals from the judgment. When the writ of error was taken by the Territory in the instant case there was no appeal pending in this court by the defendant in error from the judgment of conviction entered against him. Under the statute it is only where the defendant "appeals" from the judgment and obviously that appeal must be to this court before the Territory may take a writ of error direct to this court from a ruling on a question of law adverse to it. If it were otherwise and the Territory could prosecute a writ of error direct to this court from the district court, despite an appeal by the defendant from the district court to the circuit court, the anomalous situation would be presented of this court at the instance of the Territory reviewing a question of law which was then pending before the circuit court upon the general or special appeal of the defendant to that court. The statute does not permit the Territory to prosecute error except directly to this court. And before the Territory may prosecute error directly to this court from a ruling on a question of law adverse to it there must be pending in this court an appeal by the defendant from the judgment of conviction against him.

Statutes granting the State the right of appeal in crim-

inal cases must be strictly construed. They are not to be enlarged by construction and cannot be extended beyond their plain terms. The legislature certainly did not contemplate that interlocutory orders of inferior courts should be reviewed by this court, except where the defendant in a criminal case appeals to this court from a judgment of conviction. Otherwise a salutory right of appeal accorded the Territory might become a serious menace to the prompt disposition of criminal cases pending before inferior courts of original criminal jurisdiction.

We therefore conclude that a writ of error may not be taken by and on behalf of the Territory from the district or circuit courts direct to this court in a criminal case to review an interlocutory order except where the writ is taken from "a ruling on a question of law adverse to the Territory" and then only where the defendant "was convicted and appeals from the judgment" to this court.

The motion to dismiss is granted and the cause remanded for further proceedings consistent with the order of the circuit court from which the within writ was prosecuted.