STATE OF HAWAII, Plaintiff-Appellant, *v.* BRUCE LAGERQUIST BIKLE, Defendant-Appellee

NO. 5954

APRIL 2, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICE KIDWELL, ASSIGNED BY REASON OF VACANCY*

OPINION OF THE COURT BY KIDWELL, J.

The State appeals from an order entered pursuant to HRS § 712-1255 which granted a conditional discharge to the defendant-appellee after a jury-waived trial in which the court found him guilty on four counts of possession of different drugs on the same date. The State seeks to present the contention that a conditional discharge may be granted only to a first-time single offender, and not to a multiple offender as defendant is alleged to be. We hold that the State may not appeal and that the appeal must be dismissed.

---

* Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

Pursuant to HRS § 712-1255, set out in the margin,[1] a person who has not previously been convicted of a drug-related offense and who is found guilty of any of the offenses with which defendant was charged may upon his consent and without entry of a judgment of guilt be placed on probation with further proceedings deferred. Upon compliance with the conditions of probation the proceedings are to be dismissed, but upon violation of the conditions the court may enter an adjudication of guilt and "proceed as otherwise provided." In this case, defendant was placed on probation for five years, with general and special conditions to be observed.

The question of the State's right to appeal was raised by this court during oral argument. We cannot disregard a jurisdictional defect in an appeal and are required to dismiss an appeal on our own motion when we conclude that we lack jurisdiction. *Wylly v. First Hawaiian Bank*, 57 Haw. 61, 549 P.2d 477 (1976).

---

[1] *Conditional discharge*. (1) Whenever any person who has not previously been convicted of any offense under this part of chapter 329 or under any statute of the United States or of any state relating to a dangerous drug, harmful drug, detrimental drug, or an intoxicating compound, pleads guilty to or is found guilty of promoting a dangerous drug, harmful drug, detrimental drug, or an intoxicating compound under sections 712-1243, 712-1245, 712-1246, 712-1248, 712-1249, or 712-1250, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.

(2) Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him.

(3) Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime.

(4) There may be only one discharge and dismissal under this section with respect to any person.

(5) After conviction, for any offense under this part or chapter 329, but prior to sentencing, the court shall be advised by the prosecutor whether the conviction is defendant's first or a subsequent offense. If it is not a first offense, the prosecutor shall file an information setting forth the prior convictions. The defendant shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit the trial, before a jury if the defendant has a right to trial by jury and demands a jury, on the sole issue of the defendant's identity with the person previously convicted.

The State contends that HRS § 641-13(6) provides authority for its appeal. Section 641-13 (1978 Supp.) provides:

*By State in criminal cases.* An appeal may be taken by and on behalf of the State from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances:

(1) From an order or judgment quashing, setting aside, or sustaining a motion to dismiss any indictment or information or any count thereof;

(2) From an order or judgment, sustaining a special plea in bar, or dismissing the case where the defendant has not been put in jeopardy;

(3) From an order granting a new trial;

(4) From an order arresting judgment;

(5) From a ruling on a question of law adverse to the State where the defendant was convicted and appeals from the judgment;

(6) From the sentence, on the ground that it is illegal;

(7) From a pre-trial order granting a motion for the suppression of evidence, including a confession or admission, or the return of property in which case the supreme court shall give priority to such an appeal and the order shall be stayed pending the outcome of the appeal;

(8) From an order denying a request by the State for protective order for nondisclosure of witness for their personal safety under Rule 16(e)(4) of the Hawaii Rules of Penal Procedure, in which case the supreme court shall give priority to such appeal and the order shall be stayed pending outcome of such appeal;

provided that no appeal shall be taken by or allowed the State in any case where there has been a verdict in favor of the defendant.

In *State v. Johnson*, 50 Haw. 525, 526, 445 P.2d 36, 37 (1968), we said:

The availability of appellate review sought by the State in a criminal case can be based only on clear statutory authority. This court has held that the statute must

be strictly construed and that it cannot be extended beyond the plain meaning of the terms found therein. *Territory v. Balarosa*, 34 Haw. 662, 665-66 (1938). The statute clearly contemplates that an appeal may be taken by the State only after a final disposition of the case by the lower court.

*Territory v. Balarosa*, 34 Haw. 662 (1938) arose under § 3551, R.L. 1935, which similarly to HRS § 641-13 permitted the Territory to appeal from an adverse ruling on a question of law where the defendant was convicted and appealed from the judgment, and also from a sentence on the ground that it was illegal. The defendant had pleaded guilty before a district magistrate and had been sentenced accordingly. He appealed to the circuit court from denial of a motion to withdraw the guilty plea. The circuit court reversed and the Territory appealed to this court. We dismissed the appeal as being from an interlocutory order, and said:

> The statute clearly contemplates that a writ of error may be taken by and on behalf of the Territory only after final disposition of the cause in the court to which the writ lies. All the orders enumerated in the statute, including sentence, from which a writ of error may be prosecuted are final in their nature with the possible exception of rulings on questions of law adverse to the Territory and in the latter instance the writ will lie only where the defendant was convicted and appeals from the judgment. When the writ of error was taken by the Territory in the instant case there was no appeal pending in this court by the defendant in error from the judgment of conviction entered against him.

34 Haw. at 665.

We have jurisdiction of the State's appeal in this case only if the appeal is taken from an illegal sentence. HRS § 641-13(6). As the cases cited above establish, the order imposing the sentence must be a final, rather than interlocutory, disposition of the case by the lower court.

On the date of the entry of the order here appealed, H.R.Cr.P. 32(b), identical to H.R.P.P. 32(b), provided:

A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence.

HRS § 641-11 provides:

*From circuit courts.* Any party deeming himself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the supreme court in the manner and within the time provided by the Hawaii Rules of Criminal Procedure. The sentence of the court in a criminal case shall be the judgment.

In *State v. Ferreira*, 54 Haw. 485, 510 P.2d 88 (1973), a defendant sought to appeal from a judgment of conviction which did not include any sentence imposed upon the defendant. We held that we lacked appellate jurisdiction under § 641-11, because the judgment from which the appeal was taken was not a final judgment.

In order for us to entertain the State's appeal, case law and § 641-13 requires the conclusion that the order granting a conditional discharge to the defendant is both a sentence and a final disposition of the case by the circuit court. This conclusion is not warranted. Had the imposition upon the defendant of the term and conditions of probation spelled out in the conditional discharge order been contained in a judgment of conviction, there would be little difficulty in concluding that the judgment would be appealable. It is provided expressly by HRS § 706-631 that a judgment suspending sentence or sentencing a defendant to be placed on probation is a final judgment, and therefore appealable, as is also the holding of *Korematsu v. United States*, 319 U.S. 432 (1943). A probation order thus adequately fulfills the requirement that a judgment include a sentence and provides a sufficiently final disposition of the case when embodied in a judgment. It is otherwise, however, when the probation order precedes the entry of the judgment which adjudicates guilt. We cannot entertain the State's appeal prior to a final dispositon of the case, which will not take place prior to the entry pursuant to § 712-1255 of a judgment and sentence or a discharge and dismissal.

Sec. 712-1255 was derived from the Uniform Controlled Substances Act and has close counterparts in other jurisdic-

tions. In all cases in which the question has been considered,[2] it appears to have been held that a conditional discharge order lacks sufficient finality to be appealable.

In *Warren v. State*, 377 A.2d 1169 (Md. 1977), the sole question was whether an order for probation without judgment, entered under a counterpart of HRS § 712-1255, was a disposition from which an appeal could be taken by the defendant under a statute which granted an appeal from a "final judgment" in a criminal case. Under Maryland law, an appeal lay where execution of sentence had been suspended, as under HRS § 706-631. It was argued that the same result should obtain where probation had been ordered without entry of judgment. The suspended sentence analogy was held inapplicable, with the consequence that a defendant placed on probation without entry of judgment might appeal the determination of guilt only when the court revoked probation and entered judgment. It was said:

> The statutory exception carved out from the final judgment rule for appeal following suspension of sentence is specific, and is limited solely to those situations where the sentence in the traditional sense of a fine or prison term is lacking. Missing here is an additional element, the entry of a judgment upon the finding of guilt. Nor is this merely a technical distinction, for though a suspended sentence avoids a fine or prison term, it is also the judgment upon the finding of guilt and the collateral effects of that judgment which the defendant seeks to avoid.

377 A.2d at 1174 (footnote omitted).

The same conclusion was reached in *State v. Ryback*, 219 N.W.2d 263 (Wis. 1974), and *Rash v. State*, 318 A.2d 603 (Del. 1974), under counterparts of HRS § 712-1255.

We do not have before us the question of the right of a defendant to appeal from a conditional discharge order,

---

[2] An appeal by a defendant in *People v. DuMontelle*, 374 N.E.2d 205 (Ill. 1978) and one apparently by the prosecution in *State v. Battaglia*, 343 A.2d 103 (N.J. Super. Ct. App. Div. 1975) were decided without the issue of jurisdiction being considered.

582

which was the specific issue in these cases. We are satisfied, however, for the same reasons which are held controlling in these cases, that the conditional discharge order from which the State attempts to appeal in this case does not constitute a sentence which is appealable by the State under HRS § 641-13.

The appeal is dismissed.

*Douglas L. Halsted,* Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellant.

*Steven K. Christensen* for defendant-appellee.

APRIL 2, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICE KIDWELL ASSIGNED BY REASON OF VACANCY*

---

* Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."