921 P.2d 1166

STATE of Hawai'i, Petitioner–Appellee,

v.

Marcelina B. DOMINGO, Respondent–Appellant,

and

Rizal V. Domingo, Jr., Defendant.

STATE of Hawai'i, Petitioner–Appellee,

v.

Rizal V. DOMINGO, Jr., Respondent–Appellant,

and

Marcelina B. Domingo, Defendant.

No. 16793.

Supreme Court of Hawai'i.

July 18, 1996.

James M. Anderson, Deputy Prosecuting Attorney, on the briefs, Honolulu, for petitioner-appellee State of Hawai'i.

Benjamin R.C. Ignacio, on the briefs, Honolulu, for respondents-appellants Marcelina B. Domingo and Rizal V. Domingo.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

LEVINSON, Justice.

The respondents-appellants [hereinafter referred to collectively as "the defendants"] Marcelina B. Domingo (Marcelina) and Rizal V. Domingo, Jr. (Rizal) appealed their judgments of conviction of multiple counts of promoting a dangerous drug in the second degree, following their entry of guilty pleas in the First Circuit Court pursuant to plea bargains consummated with the State of Hawai'i (prosecution). We assigned the defendants' appeals to the Intermediate Court of Appeals (ICA), which, *inter alia*, remanded the matter to the circuit court with instructions "to convene a hearing to allow [either or both of the defendants] to withdraw his or her plea of guilty, if [either one] so requests." *State v. Domingo*, No. 16793, slip op. at 10 (Haw.Ct.App. Apr. 11, 1996) (footnote omitted) [hereinafter, "ICA's decision"].[1]

---

1. The ICA further ruled that, "[a]s to any [d]efendant who does not request withdrawal, the [circuit court's] judgment of conviction is affirmed. As to any [d]efendant who does request withdrawal, the [circuit court's] judgment of conviction is vacated, and the case shall be set for

We granted the prosecution's application for a writ of certiorari, which "[i]n sum, ... asks this [c]ourt to reverse the [ICA's] decision ... and dismiss [the defendants'] appeal." Because we agree with the prosecution that "a[t] the time of [the defendants'] change[s] of plea, there was no mechanism provided by statute, rule[,] or case law in this jurisdiction [that] permitted them to raise nonjurisdictional challenges to their conviction[s,] which resulted from knowing, voluntary[,] and intelligent guilty pleas," we reverse the ICA's decision and dismiss the defendants' appeal for lack of appellate jurisdiction.

## I. BACKGROUND

The material facts underlying the present appeal are accurately characterized in the ICA's decision as follows:

> Pursuant to a plea bargain with [the prosecution], ... Rizal ... pled guilty to three counts of promoting a dangerous drug in the second degree, and ... Marcelina ... pled guilty to six counts of the same offense.[2] ... [The] [d]efendants were sentenced and judgments were entered accordingly on January 22, 1993. They appealed, contending that (1) the motions court erred in denying [the][d]efendants' Motions to Dismiss for Violation of Hawai'i Rules of Penal Procedure [HRPP] Rule 48, and (2) an agreement between the [prosecution] and [the][d]efendants did not

waive [the][d]efendants' rights to a speedy trial. In response, the [prosecution] contends that [the][d]efendants' appeal should be dismissed because by pleading guilty, [the][d]efendants are precluded from raising nonjurisdictional issues on appeal....

It is undisputed that the issues raised on appeal are not jurisdictional....

ICA's decision at 1.

"The [prosecution] did not agree that [the][d]efendants could, consistent with the plea bargain, appeal issues after pleading [guilty]." *Id.* at 2. However, as a part of the defendants' changes of plea, entered pursuant to HRPP 11 (1988),[3] both Rizal and Marcelina inserted in their change of plea forms, in the space demarcated for a description of the terms of the plea agreement, the caveat that "Defendant reserves the right to appeal the judgment in this case and does not waive *any appellate rights he [or she] may have.*" *Id.* at 3 (emphasis added) (brackets in original).

On October 10, 1991, the prosecution filed a motion to enforce the plea agreements with the defendants. The motion was heard on October 14, 1991, during which counsel for the defendants acknowledged that,

> at the relevant times involved in this case, no provision for conditional pleas existed in any [Hawai'i] statute or [court] rule. They, therefore, sought to persuade the motions court to allow [the][d]efendants to

appropriate proceedings." ICA's decision at 10–11.

2. The plea bargains were consummated on September 21, 1988, and the respective pleas were entered on July 23, 1992.

3. At the time the defendants entered their guilty pleas, HRPP 11, entitled "Pleas," provided in relevant part:

> **(a) Alternatives.** A defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or nolo contendere ...; the court shall enter a plea of not guilty."
>
> ....
>
> **(e) Plea Agreement.**
> (1) *In general.* The prosecutor and counsel for the defendant ... may enter into plea agreements that, upon the entering of a plea of guilty or nolo contendere to a charged offense, or to an included or related offense, the prosecutor will take certain actions or adopt certain

positions, including the dismissal of other charges and the recommending or not opposing of specific sentences or dispositions on the charge to which a plea was entered. The court shall not participate in discussions leading to such plea agreements nor be bound thereby.

(2) *Notice of Plea Agreement.* Any plea agreement shall be disclosed by the parties to the court at the time the defendant tenders his [or her] plea. Failure by the prosecution to comply with such agreement shall be grounds for withdrawal of the plea.

(3) *Warning to Defendant.* Upon disclosure of any plea agreement, the court shall not accept the tendered plea unless the defendant is informed that the court is not bound by such agreement.

The defendants do not claim in their appeal (nor does the record indicate) that HRPP 11 was not fully complied with in connection with their changes of plea.

file an interlocutory appeal, but the request was denied. The motions court did not consent to an appeal being taken without [the][d]efendants first proceeding to a trial.

*Id.* at 1–2 (footnotes omitted). In the course of the October 14, 1991 hearing, the following exchange transpired between defense counsel and the motions court:

[RIZAL'S COUNSEL]: Our problem is this, if we are to plea [sic], *there is no conditional plea in our jurisdiction. If we are to plea [sic], we waive the possible appeal argument* [regarding the alleged violation of the defendants' HRPP 48 and constitutional speedy trial rights], unless the Court can give us [an] interlocutory appeal.

. . . .

[RIZAL'S COUNSEL]: Can't you give us at least interlock so we can—

THE COURT: No.

. . . .

[RIZAL'S COUNSEL]: *But if they plea [sic], they can't appeal.* You see, that's our problem.

THE COURT: Well, then, they can go to trial, then.

(Emphases added.) The motions court apparently denied the prosecution's motion to enforce the plea agreement, although the defendants subsequently decided to change their pleas anyway to the partly reduced charges offered by the prosecution.

On July 23, 1992, during the change of plea hearing, defense counsel noted the following reservations for the record:

[RIZAL'S COUNSEL]: Your Honor, also, I just want to note so that there's no confusion that [Rizal] does reserve the right to appeal the judgment in the case and is not waiving any appellate rights *that he may have.*

. . . .

[MARCELINA'S COUNSEL]: Your Honor . . ., as with [Rizal] and as indicated by [Rizal's] counsel, [Marcelina] is also reserving and is not waiving any appellate review rights *which she may have* under the law of this jurisdiction with respect to issues that have been raised pre-trial. I just wanted to make that clear on the record. *Whatever appellate rights that the law of this jurisdiction may ultimately recognize* with respect to certain pre-trial issues, she's not waiving those, *whatever they may be at this point.*

(Emphases added.)

## II. DISCUSSION

▇ In its decision, the ICA engaged in the following analysis, with which we agree:

[G]enerally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims [on appeal], including constitutional challenges to the pretrial proceedings." *State v. Morin,* 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) [ (citations omitted) ].

"An exception to this general rule [precluding nonjurisdictional appeals after a guilty plea] is a plea conditioned upon the right to appeal certain pretrial rulings." *Morin,* 71 Haw. at 162, 785 P.2d at 1319. "In some jurisdictions, conditional pleas are authorized by rule or statute[,]" while "most states require a defendant to plead not guilty and to go to trial in order to preserve his [or her] right to appeal nonjurisdictional issues." *Id.* at 163, 785 P.2d at 1319 (citations omitted). . . . [A]t the time of [the][d]efendants' guilty pleas, Hawai'i had "neither a rule nor a statute providing for conditional pleas." *Id.*[4]

. . . .

4. Effective August 26, 1993, HRPP 11(a) was amended to permit conditional pleas. ICA's decision at 6 n. 8. *See also State v. Merino,* 81 Hawai'i 198, 215–16 n. 15, 915 P.2d 672, 689–90 n. 15 (1996) ("In 1993, [HRPP 11(a) ] was redenominated as HRPP 11(a)(1), entitled 'In General.' A new subsection, HRPP 11(a)(2)[,] was added to permit defendants, with the approval of the court and the consent of the prosecution, to enter conditional pleas of guilty or nolo contendere, 'reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion.' The amendment allows '[a] defendant who prevails on appeal . . . to withdraw the plea.'" (Highlighting in original.) (Some brackets in original and some added.)).

... In *Morin, supra,* the Hawai'i Supreme Court left open the question of whether a conditional plea might be allowed as a matter of court practice or policy. Ultimately, we hold that absent a statute or rule allowing conditional pleas, such pleas are not recognized in our jurisdiction. Prior to the adoption of [HRPP] 11(a)(2) permitting conditional pleas, the only pleas upon which convictions could rest were pleas of guilty or nolo contendere. HRPP Rule 11. No other pleas were authorized for purposes of a defendant's conviction....

ICA's decision at 5-8 (footnote omitted) (some bracketed material in original and some added).

Nevertheless, the ICA articulated the following holding:

However, because the reservations of [the][d]efendants' *purported* rights to appeal were made a part of the written guilty plea forms and of their oral guilty pleas, and the plea court failed to disavow [sic] them of such claims, [the][d]efendants apparently entered their pleas, at least in part, in reliance on such reservations. We therefore remand the case with instructions that the court convene a hearing to allow [either] [d]efendant to withdraw his or her plea of guilty, if [either] [d]efendant so requests.

*Id.* at 10 (footnote omitted) (emphasis added).

■ As noted above, in its application for a writ of certiorari, the prosecution urges generally that

[t]his court should review and reverse the decision of the ICA because, at the time of their guilty pleas, both [defendants] and their counsel were fully aware that there was no mechanism provided by statute, rule[,] or case law in this jurisdiction which permitted [the defendants] to raise nonjurisdictional challenges to their convictions [—] convictions which resulted from know-

ing, voluntary[,] and intelligent guilty pleas.

Specifically, the prosecution argues that

[i]n order to withdraw their guilty pleas after being sentenced, [the defendants] must make a showing that withdrawal is necessary to avoid manifest injustice. *State v. Cornelio,* 68 Haw. 644, 646, 727 P.2d 1125, 1126 (1986); [HRPP] Rule 32(d).[5] No manifest injustice occurred where the trial court makes "an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences." *Cornelio,* 68 Haw. at 646-47, 727 P.2d at 1127.

....

The ICA's remedy of allowing [the defendants] to withdraw their guilty pleas in this case is unsupported both by its own findings as well as the law in this jurisdiction....

[The prosecution] ... submits that [the defendants] could not have relied upon that which they—as well as their counsel—fully knew was not authorized in this jurisdiction. Further, [the defendants] have not demonstrated that withdrawal of their pleas is necessary to avoid *manifest* injustice. *Cornelio, supra.*

■ We agree with the prosecution's assessment of the law. As the ICA correctly recognized, pursuant to *Morin, supra,* a guilty plea entered voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional points of error on appeal, including constitutional challenges to pretrial proceedings. Moreover,

"[t]he right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." *State v. Dannenberg,* 74 Haw. 75, 78, 837 P.2d 776, 778 (1992), *reconsideration denied,* 843 P.2d 144 (1992). Therefore, the right of appeal, and, by extension, the parameters of appellate jurisdiction,

5. *See also Merino,* 81 Hawai'i at 223, 915 P.2d at 697; *State v. Jim,* 58 Haw. 574, 575-76, 574 P.2d

521, 522-23 (1978).

are limited as provided by the legislature through statute. *In re Tax Appeal of Lower Mapunapuna Tenants Ass'n,* 73 Haw. 63, 69, 828 P.2d 263, 266 (1992). *Grattafiori v. State,* 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (brackets in original).

Inasmuch as HRPP 11(a) did not permit appeals from judgments entered pursuant to conditional pleas at the time the defendants entered their guilty pleas, *see supra* note 4, the present appeal lacks a constitutional or statutory basis.[6]

## III. *CONCLUSION*

For the foregoing reasons, we reverse the ICA's decision, order that it be depublished, and dismiss the defendants' appeal for lack of appellate jurisdiction.

---

**6.** Article VI, section 7 of the Hawai'i Constitution (1978) provides that this court "shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure, and *appeals,* which shall have the *force and effect of law.*" (Emphases added.)