22 P.3d 588

STATE of Hawai'i, Plaintiff–Appellee,

v.

Henry James KEALAIKI, aka Henry James Kealaiki, Jr., Defendant–Appellant.

No. 23484.

Supreme Court of Hawai'i.

April 26, 2001.

David A. Fisher, Deputy Public Defender, on the briefs, for defendant-appellant.

Richard K. Minatoya, Deputy Prosecuting Attorney, County of Maui, on the briefs, for plaintiff-appellee.

MOON C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by ACOBA, J.

We hold that a conditional plea under Hawai'i Rules of Penal Procedure (HRPP) Rule 11(a)(2) is inconsistent with the granting of a deferred acceptance of a guilty plea pursuant to Hawai'i Revised Statutes (HRS) chapter 853, the former premised on the acceptance of guilty or no contest pleas and the latter on the deferral of that acceptance. The policies embodied in these provisions are not reconcilable. We are led, then, to the conclusion that the appeal of Defendant–Appellant Henry James Kealaiki (Defendant) from the order of the second circuit court (the court) granting his motion for a deferred plea, does not provide a jurisdictional basis for review of an adverse pretrial suppression order purportedly preserved by the court's allowance of Defendant's conditional plea. An order granting a plea deferral is not final for the purpose of taking an appeal, and the continued deferral of plea acceptance in this case

precludes our consideration of the suppression order under the conditional plea rule. Other grounds for review are either inapplicable or subversive of the purposes served by a deferred plea or conditional plea order.

## I.

On March 15, 1999, Defendant was indicted for the offense of place to keep firearm, HRS § 134–6(c) (Supp.1999). On June 25, 1999, he moved for suppression of the evidence against him. On October 28, 1999, the court entered its findings of fact, conclusions of law, and an order denying the motion. On January 18, 2000, Defendant entered a conditional no contest plea under HRPP Rule 11(a)(2), thus reserving the right to appeal the denial of the suppression motion. In entering his plea, Defendant stipulated there was a factual basis for the charge. Upon receiving Defendant's plea, the court "accept[ed his] plea of no contest ... *without prejudice to [his] motion for deferred acceptance of no contest plea.*" (Emphasis added.) On March 2, 2000, Defendant filed his written motion for a deferred acceptance of no contest (DANC) plea pursuant to HRS chapter 853 (1993). An order granting the DANC plea was entered on March 28, 2000. The deferral period ends in 2005 and is subject to various terms and conditions.

On May 30, 2000, Defendant filed his notice of appeal "from the Order Granting Motion for Deferred Acceptance of Guilty/No Contest Plea filed herein on March 28, 2000 ... which followed the Conditional Plea entered January 18, 2000," pursuant to an order extending the time for appeal.[1]

## II.

In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, *see* HRS § 641–11 (1993), from a certified interlocutory order, *see* HRS § 641–17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy. *See State v. Baranco*, 77 Hawai'i 351, 884 P.2d 729 (1994).

Under HRS § 641–11, "[t]he sentence of the court in a criminal case" is "the judgment" from which an appeal is authorized. Because "[t]here is no 'conviction' when the acceptance of a ... plea is deferred[,]" *State v. Putnam*, 93 Hawai'i 362, 367, 3 P.3d 1239, 1244 (2000), an order granting "[a] DANC plea [such as the one issued here] is not a conviction nor is it a sentence." *State v. Oshiro*, 69 Haw. 438, 442, 746 P.2d 568, 570 (1987) (citation omitted). There having been no conviction and sentence in this case, there can be no appeal under HRS § 641–11 from the March 28, 2000 order granting Defendant's plea deferral.

It appears that the appeal from the March 28, 2000 DANC order is an appeal from an interlocutory order. However, Defendant did not seek certification from the court to take an interlocutory appeal from the deferral order. The court's decision on such a request, had it been made, would, of course, be unreviewable. *See Baranco*, 77 Hawai'i at 353, 884 P.2d at 731 (citing HRS § 641–11).

Defendant acknowledges that under *Oshiro* an order granting a DANC plea is not a sentence, but maintains that the strict holding of *Oshiro* is that a DANC order is not appealable by the prosecution under HRS § 641–13 (1993) and that the holding does not apply to defendants who appeal under HRS § 641–11. He argues that DANC pleas should be appealable by defendants under HRS § 641–11 "in the interest of justice and fair play."

## III.

We agree that in *Oshiro*, the prosecution conceded it could not appeal under HRS § 641–13 (1985), the statute allowing appeals by the State in criminal cases, because the granting of a deferral order was not listed as an appealable ground under HRS § 641–13. This court's reference to the fact that "a DANC plea [order] is not a conviction nor is it a sentence[,]" however, was germane to more than the prosecution's statutory dilem-

---

1. Pursuant to Hawai'i Rules of Appellate Procedure Rule 4(b)(5), Defendant timely moved for and was granted a thirty-day extension of time until May 30, 2000 to appeal the March 28, 2000 order. The notice of appeal was filed timely by Defendant on May 30, 2000.

ma. *Oshiro,* 69 Haw. at 442, 746 P.2d at 570. *Oshiro* cited, among other cases, *State v. Bikle,* 60 Haw. 576, 592 P.2d 832 (1979), in which it had been held, *inter alia,* that HRS § 641–11 did not permit an appeal where a judgment and sentence had not been entered. *See id.* at 580, 592 P.2d at 835.[2] The proposition, then, that a DANC plea, or DAG plea for that matter, is not a conviction or a sentence applies to defense as well as prosecution appeals from deferral plea orders.

▄▄▄▄ Despite the absence of a judgment and sentence, it was pointed out in *Oshiro* that "[b]ecause [the] State cannot appeal the granting of a DANC plea and possesses no other adequate legal remedy, this case may be decided pursuant to HRS § 602–5(4)." 69 Haw. at 443, 746 P.2d at 571. Based on that jurisdictional ground, this court proceeded to decide the merits of the appeal. *Oshiro* thus stands for the proposition that challenges to the granting of deferred pleas may be appealed to this court under HRS § 602–5(4) (1993), which delegates power to decide writs of prohibition[3] and writs of mandamus.[4] HRS § 602–5(4) provides as follows:

**Jurisdiction and powers.** The supreme court shall have jurisdiction and powers as follows:

. . . .

(4) To exercise original jurisdiction in all questions arising under writs directed to courts of inferior jurisdiction and returnable before the supreme court, or if the supreme court consents to receive the case arising under writs of mandamus directed to public officers to compel them to fulfill the duties of their offices; and such other original jurisdiction as may be expressly conferred by law[.]

But Defendant did not assert that jurisdiction over his DANC plea order lies in HRS § 602–5(4). And in any event we do not believe it does, because the reason for his appeal, as he frames it, implicates another basis for jurisdiction. *See Oshiro,* 69 Haw. at 441, 746 P.2d at 570 ("A writ of prohibition is an extraordinary remedy which may not be utilized as a substitute for an appeal.... Similarly, a writ of mandamus will not issue unless the petitioner demonstrates ... a lack of other means to adequately redress the wrong or to obtain the requested action.") (citations omitted).

▄▄▄▄ In his jurisdictional statement, Defendant discloses that he could have, but did not seek interlocutory certification of the de-

**2.** In *Bikle,* this court denied the prosecution's appeal of an order granting a conditional discharge pursuant to HRS § 712–1255 (1976). *See* 60 Haw. at 581–82, 592 P.2d at 835. Under that provision, the court may defer entry of judgment of guilt and defer proceedings against a defendant, not previously convicted of a drug related offense, who pleads guilty or is found guilty. Upon a defendant's fulfillment of certain terms and conditions, the drug charge against the defendant is dismissed. In *Bikle,* the prosecution's appeal from the order granting conditional discharge to the defendant was dismissed because there was no sentence or a final disposition of the case. *See id.* at 580, 592 P.2d at 834–35. Jurisdiction under HRS § 602–5(4) or HRS § 602–4 was not discussed. *See id.* at 579, 592 P.2d at 834.

**3.** The writ of prohibition is an extraordinary remedy, the object of which is not to cure a mere legal error or to serve as a substitute for appeal, but to restrain a judge of an inferior court from acting beyond or in excess of his [or her] jurisdiction.... Only where special circumstances are shown to exist which render the matter a rare and exceptional case will this court, in its discretion, consider deviating from [its] settled rule.

*Wolfe v. Au,* 67 Haw. 259, 262–63, 686 P.2d 16, 20 (1984) (citations omitted).

**4.** A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates: (1) a clear and indisputable right to relief; and (2) a lack of other means to adequately redress the alleged wrong or obtain the requested action. Such writs are not meant to supersede the legal discretionary authority of the lower courts, nor are they meant to serve as legal remedies in lieu of normal appellate procedures. Where a trial court has discretion to act, mandamus clearly will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court in which it is subject to a legal duty to act. *State ex rel. Kaneshiro v. Huddy,* 82 Hawai'i 188, 193, 921 P.2d 108, 113, *reconsideration denied,* 82 Hawai'i 360, 922 P.2d 973 (1996) (citing *Straub Clinic & Hosp. v. Kochi,* 81 Hawai'i 410, 414, 917 P.2d 1284, 1288 (1996) (internal citations omitted)).

nial *of his motion to suppress evidence* because he was then in pretrial custody and did not want to risk remaining in custody during the pendency of an interlocutory appeal. Additionally, Defendant's briefs address the court's suppression order; thus his appeal is actually premised on his conditional plea.

## IV.

 Appeals from judgments entered pursuant to conditional pleas are permitted pursuant to HRPP Rule 11(a)(2). A conditional plea is an exception to the general rule precluding nonjurisdictional appeals after a guilty or a no contest plea:

> *"Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims on appeal, including constitutional challenges* to the pretrial proceedings." *State v. Morin*, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) (citations omitted). "An exception to this general rule precluding nonjurisdictional appeals after a guilty plea is a plea conditioned upon the right to appeal certain pretrial rulings." *[Id.]* at 162, 785 P.2d at 1319. "In some jurisdictions, conditional pleas are authorized by rule or statute," while "most states require a defendant to plead not guilty and to go to trial in order to preserve his or her right to appeal nonjurisdictional issues." *Id. . . .* (citations omitted).[⁵]

*State v. Domingo*, 82 Hawai'i 265, 267, 921 P.2d 1166, 1168 (1996) (brackets omitted) (emphasis added). *See State v. Lei*, 95 Hawai'i 43, 47, 18 P.3d 905, 909 (2001). HRPP Rule 11(a)(2) provides as follows:

> With the approval of the court and the consent of the State, *a defendant may enter a conditional plea of guilty or nolo contendere*, reserving in writing the right, on appeal from the judgment, *to seek review of the adverse determination of any specified pretrial motion*. A defendant

who prevails on appeal shall be allowed to withdraw the plea.

(Emphases added.)

 HRPP Rule 11(a) has the force and effect of law. *See Domingo*, 82 Hawai'i at 269 n. 6, 921 P.2d at 1170 n. 6. Inasmuch as "HRPP Rule 11(a)(2) is substantively identical to Federal Rules of Criminal Procedure (FRCrP) Rule 11(a)(2)[,]" *Lei*, 95 Hawai'i at 47–48, 18 P.3d at 909–10, we may consider federal authority in interpreting HRPP Rule 11(a)(2). According to the Advisory Committee Notes on the Federal Rules of Criminal Procedure Rule 11(a)(2), the purpose of the Rule is "to conserve prosecutorial and judicial resources and advance speedy trial objectives[,] . . . [and to] aid in clarifying the fact that traditional, unqualified pleas do constitute a waiver of nonjurisdictional defects." Fed.R.Crim.P. Rule 11(a)(2), Advisory Committee Notes to 1983 Amendments. Hence, in a rejoinder to the objection that a conditional plea "militates against achieving finality in the criminal process," *id.*, the Advisory Committee report explained that in accordance with the Rule, the case ends with a decision on appeal in favor of the government:

> While it is true that the conditional plea does not have the complete finality of the traditional plea of guilty or nolo contendere because "the essence of the agreement is that the legal guilt of the defendant exists only if the prosecution's case" survives on appeal, the plea continues to serve a partial state interest in finality, however, by *establishing admission of the defendant's factual guilt. The defendant stands guilty and the proceedings come to an end if the reserved issue is ultimately decided in the government's favor.*

*Id.* (emphasis added). We observe, also, that in the case where the pretrial motion seeks to suppress the evidence incriminating the defendant and the appeal is decided against the government, the proceedings would also ordinarily come to an end,[⁶] the question ap-

---

5. "A plea of nolo contendere is equivalent to a plea of guilty in terms of waiving alleged nonjurisdictional defects." *State v. Morin*, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) (citations omitted).

6. HRPP Rule 11(a)(2) contemplates by its terms that the case would be remanded to allow withdrawal of the conditional plea, after which we assume dismissal would follow because of the absence of the evidence suppressed.

pealed being the underlying predicate reason for the conditional plea.

## V.

 As related *supra,* at the time the court received the conditional plea, it did so "without prejudice" to a DANC plea motion and subsequently granted the motion pursuant to HRS chapter 853. HRS § 853–1 sets three preconditions to the court's consideration of granting a DAG or DANC plea, one of which is that the defendant "voluntarily plead guilty or nolo contendere."[7] If the defendant's motion is not granted, judgment and sentencing result. *See* HRS § 853–2. Because a defendant enters his or her plea voluntarily, the defendant is precluded, upon denial of his motion and acceptance of his plea, "from later asserting any nonjurisdictional claims on appeal, including constitutional challenges." *Domingo,* 82 Hawai'i at 267, 921 P.2d at 1168 (citation and brackets omitted).

But if the motion is granted, acceptance of the plea is then deferred. *See* HRS § 853–1(a). Further proceedings in the case are also suspended pending satisfaction of conditions which are specified in HRS § 706–624 (1993), the provision relating to terms and conditions permitted with respect to a sentence of probation. *See* HRS § 853–1(3)(b). Successful completion of the deferral period results in dismissal of the charge and can lead to expungement of the defendant's criminal record. *See* HRS § 853–1(c) and (e).

In enacting HRS chapter 853, the legislature found "that in certain criminal cases, particularly those involving first time, accidental, or situational offenders, it is in the best interest of the prosecution and the defendant that the defendant be given *the opportunity to keep his or her record free of a criminal conviction,* if he or she can comply with certain terms and conditions during a period designated by court order." 1976 Haw. Sess. L. Act 154, § 2, at 279 (emphasis added). Therefore, "the

purpose of HRS chapter 853 was to establish a means whereby a court in its discretion may defer acceptance of a guilty plea for a certain period on certain conditions." *Id.* The legislature further explained that "the completion of such period in compliance with such conditions may then result in the discharge of the defendant and expungement of the matter from his or her record." *Id. The effect of a DAGP was, thus, to enable a defendant to retain a "record free of a criminal conviction" by deferring a guilty plea for a designated period* and imposing special conditions which the defendant was to successfully complete. *Id.* (emphasis added).

*Putnam,* 93 Hawai'i at 367–68, 3 P.3d at 1244–45 (brackets omitted).

Under the foregoing procedure, there has been no plea entered for purposes of HRPP Rule 11(a)(2) in this case. By virtue of the HRS chapter 853 order, Defendant's plea has yet to be accepted by the court, much less judgment and sentence imposed. *See* HRS § 853–2. Because its acceptance has been delayed, there is, in effect, no plea to which a HRPP Rule 11(a)(2) reservation of the right to appeal can attach.

 Moreover, nothing in HRS chapter 853 allows the reservation and appeal of adverse pretrial rulings during the pendency of the deferral period. By invoking chapter 853, a defendant enters an unconditional and unqualified plea, waiving all nonjurisdictional defenses, in the hope of removing a criminal charge from his or her record. The requirement in HRS § 853–1 that a defendant move for deferral prior to trial was intended by the legislature to prevent litigation on the merits of the case following entry of the plea:

Your Committee received testimony that many individuals have caused the State to proceed through an entire trial and, subsequent to the presentation of the defense

7. The three preconditions enumerated in HRS § 853–1 are:
 (1) When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;

 (2) It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and
 (3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law.

case, enter a plea of guilty and ask for and receive a DAG plea.

. . . .

Your Committee finds that allowing DAG pleas only prior to trial would certainly eliminate a considerable amount of extra cost and would provide for a more meaningful plea bargaining arrangement. . . .

. . . .

Hse. Stand. Comm. Rep. No. 671, in 1979 House Journal, at 1476–77.

. . . .

*Your Committee is of the distinct view that the DAG plea should not be available to the person who is convinced of his* [*or her*] *own guilt, but who would like to chance a trial to see if he [or she] can "get away with it"* and who would use the DAG plea at the very last minute when that wrongful hope has been dispelled. We expect that our criminal justice system will have availed every accused sufficient time to obtain counsel or otherwise evaluate his [or her] circumstances prior to commencement of trial. With such commencement begins the imposition upon witnesses and the court, and the accrual of public expense for the cost of trial. Accordingly, we feel it is proper that the availability of the DAG plea should terminate with the commencement of trial when the prosecution presents its first witness. . . .

Sen. Stand. Comm. Rep. No, 855, in 1979 Senate Journal, at 1384–85.

*State v. Matyas,* 10 Haw.App. 31, 38–39, 859 P.2d 1380, 1384, *cert. denied,* 75 Haw. 581, 863 P.2d 989 (1993) (emphasis added).

Were we to consider an appeal from the conditional plea while the deferral period is pending, as it is here, we would undermine the objectives served by that plea and circumvent the intent of the DANC plea order. To permit an appeal during the deferral period would be inconsistent with the objective of the deferral plea statute—that is, to grant special dispensation to certain conviction free defendants who have waived their nonjurisdictional rights in the hope that completion of special conditions will result in a dismissal of the charge.

On the other hand, HRPP Rule 11(a)(2) envisions that by the entry of a conditional plea, "the defendant stands guilty [or waives contest of the charges] and the proceeding comes to an end [when] the reserved issue is ultimately decided on appeal." Fed. R.Crim.P. Rule 11(a)(2), Advisory Committee Notes to 1983 Amendments. Under HRPP Rule 11(a)(2), a defendant is precluded from obtaining a dismissal of the charge except for the possibility of a successful legal challenge on the reserved question. Furthermore, if after consideration of the record, we were to affirm the court's suppression order, the case would not end, and the finality contemplated by HRPP Rule 11(a)(2) would not be achieved. In view of the fact that acceptance of Defendant's plea has been deferred until 2005, our resolution of the conditional plea question on appeal may not terminate this case as contemplated by the Rule.

■■■ We believe that the entry of both a deferral order under HRS chapter 853 and a conditional plea under HRPP Rule 11(a)(2) is logically inconsistent. A conditional plea judgment contemplates that finality will be achieved once a defendant's reserved claim is resolved on appeal. Deferred acceptance of a plea assumes that a defendant waives all rights and no longer disputes the legal bases for his or her plea. They cannot co-exist. We therefore conclude that we lack jurisdiction under HRPP Rule 11(a)(2).

## VI.

■■■ In *Baranco,* this court applied the collateral order exception to the final judgment rule to a criminal case.

Under this exception, certain orders fall "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

77 Hawai'i at 353, 884 P.2d at 731 (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949)). Accordingly, "an interlocutory order is appealable if it: (1) fully

disposes of the question at issue; (2) resolves an issue completely collateral to the merits of the case; and (3) involves important rights which would be irreparably lost if review had to await a final judgment." *Id.* at 353–54, 884 P.2d at 731–32 (citation omitted). The collateral order exception is not applicable in this case because important rights are not irretrievably lost before judgment is entered. To the contrary, a conditional plea expressly reserves claims of "important rights" for review on appeal. The purpose of the conditional plea is to advance the entry of judgment by expediting appellate resolution of claimed rights.[8]

We could assert supervisory jurisdiction under HRS § 602–4 (1993) over the trial courts " 'to prevent and correct errors

and abuses therein where no other remedy is expressly provided for by law[.]' " *State v. Ui,* 66 Haw. 366, 367, 663 P.2d 630, 631 (1983).[9] To do so under these circumstances, however, would ignore the deferral order currently in effect and defeat the purpose of the conditional plea procedure. In our view, it would be unwise to follow that course. Accordingly, we must dismiss Defendant's appeal for lack of jurisdiction.

---

8. The collateral order doctrine would not apply to an order granting or denying a motion for plea deferral since the motion follows the entry of a plea in which a defendant waives all "important rights" prior to a final judgment.

9. It has been suggested that "any attempt to fit the collateral order doctrine within [HRS § 641– 11] should be abandoned" in favor of the "[u]se of the supervisory powers of the [supreme] court under section 602–4." Michael K. Tanigawa, *The Application of the Collateral Order Doctrine to Criminal Appeals in Hawai'i,* 19 U. Haw. L.Rev. 73, 88 (1997).