**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000046
20-MAY-2020
10:07 AM**

NO. CAAP-20-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
FRANCIS A. GRANDINETTI, also known as ALBERT FERNANDEZ,
also known as FRANK MYERS, also known as FRANK IRANDINE,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC930000141)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendant-Appellant Francis A. Grandinetti (Grandinetti) has asserted, apparently from a decision by the Hawaiʻi Paroling Authority regarding the sentence that Grandinetti is currently serving for his November 8, 1993 conviction in Circuit Court Criminal Case Number 3PC930000141 for one count of forgery in the second degree in violation of Hawaii Revised Statutes (HRS) § 708-852 (1993) and three counts of theft in the second degree in violation of HRS § 708-831 (1993).

"The right of appeal in a criminal case is purely statutory[.]"  State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d

259, 262 (2017) (citation and internal quotation marks omitted). In circuit court criminal cases, a defendant may appeal from a judgment of conviction pursuant to HRS § 641-11 (2016), a certified interlocutory order pursuant to HRS § 641-17 (1016), "or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawaiʻi 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). However, there is no statutory authority for defendant to appeal from a decision by the Hawaiʻi Paroling Authority directly to the Hawaiʻi Intermediate Court of Appeals.

The statute that governs the Hawaiʻi Paroling Authority's procedure for considering parole is HRS § 706-670 (2014). HRS § 706-670 does not authorize an appeal from a Hawaiʻi Paroling Authority decision directly to this court. The Supreme Court of Hawaiʻi and this court have acknowledged that the appropriate means for a criminal defendant to challenge the Hawaiʻi Paroling Authority's decision to deny parole is by petitioning a circuit court for post-conviction relief in a special proceeding pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (HRPP). Williamson v. Hawaiʻi Paroling Authority, 97 Hawaiʻi 183, 194-95, 35 P.3d 210, 221-22 (2001); Turner v. Hawaiʻi Paroling Authority, 93 Hawaiʻi 298, 307, 1 P.3d 768, 777 (App. 2000). After the circuit court adjudicates the HRPP Rule 40 petition for post-conviction relief, the criminal defendant can appeal from the circuit court's judgment directly to the Hawaiʻi Intermediate Court of Appeals pursuant to HRS § 641-11 and HRPP Rule 40(h). Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995). The record does not show that Grandinetti has sought judicial review of the Hawaiʻi Paroling Authority's decision by way of a petition to the circuit court for post-conviction relief pursuant to HRPP Rule 40. Absent an

2

appealable judgment or order, we lack jurisdiction over this appeal by Grandinetti.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-20-0000046 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-20-0000046 are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, May 20, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge