96 P.3d 586

### STATE of Hawai'i, Plaintiff–Appellee,

### v.

### Justin K.H. AETO, Defendant–Appellant.

### No. 25297.

Intermediate Court of Appeals of Hawai'i.

July 23, 2004.

Certiorari Denied Sept. 2, 2004.

---

Alexa D.M. Fujise, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

Cindy A.L. Goodness and Deborah L. Kim, Deputy Public Defenders, on the briefs, for defendant-appellant.

BURNS, C.J., LIM AND FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Justin K.H. Aeto (Aeto) appeals from the January 21, 2004 Notice of Entry of Judgment' and/or Order and Plea/Judgment that denied his July 15, 2002 Motion to Withdraw No Contest Plea.[1] We affirm.

## RELEVANT COURT RULES

Hawai'i Rules of Penal Procedure (HRPP) Rule 11 (1993) states, in relevant part, as follows:

(c) **Advice to Defendant.** The court shall not accept a plea of guilty or *nolo contendere* without first addressing the defendant personally in open court and determining that he understands the following:

(1) the nature of the charge to which the plea is offered; and

(2) the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered; and

(3) that he has the right to plead not guilty, or to persist in that plea if it has already been made; and

(4) that if he pleads guilty or *nolo contendere* there will not be a further trial of any kind, so that by pleading guilty or *nolo contendere* he waives the right to a trial[.]

. . . .

(d) **Insuring that the Plea is Voluntary.** The court shall not accept a plea of

---

1. Appellate jurisdiction is based on the precedent of *State v. Bohannon.* 102 Hawai'i 228, 74 P.3d 980 (2003).

guilty or *nolo contendere* without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or *nolo contendere* results from any plea agreement.

HRPP Rule 32(d) (1994) states as follows:

**Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

HRPP Rule 40 (2000) states, in relevant part, as follows:

## POST–CONVICTION PROCEEDING.

(a) **Proceedings and Grounds.** The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including *habeas corpus* and *coram nobis;* provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:

(1) *From Judgment.* At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:

(i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai'i[.]

### BACKGROUND

On July 7, 1998, Aeto was arrested for the following offenses: (1) Driving Under the Influence of Intoxicating Liquor (DUI), Hawaii Revised Statutes (HRS) § 291–4 (1993); (2) No No–Fault Insurance, HRS § 431:10C–104 (Supp.1997); and (3) Disobedience to Traffic–Control Devices, HRS § 291C–31 (1993).

On October 21, 1998, while represented by a deputy public defender and pursuant to a plea agreement, Aeto pled no contest to charge (1), and charges (2) and (3) were dismissed. Judge Christopher McKenzie spoke with Aeto in relevant part as follows:

THE COURT: ... Mr. Aeto, I take it you discussed your no contest plea on your driving under the influence charge with your attorney?

[AETO]: Yes, sir.

THE COURT: And, you understand when you plead no contest, you will be found guilty?

[AETO]: Yes, sir.

. . . .

THE COURT: You and your attorney have discussed what the maximum penalty and the minimum penalty could be, correct?

[AETO]: Yes, sir.

THE COURT: And, you and your attorney have discussed any possible defenses you might have, correct?

[AETO]: Yes, sir.

. . . .

THE COURT: And, what is your age?

[AETO]: 26 (twenty six).

THE COURT: And, what is the highest grade of formal education you've had?

[AETO]: Four years of college.

THE COURT: Have any difficulty understanding any—anything I've been saying to you about your right to go to trial on this case?

[AETO]: No, sir.

THE COURT: Do you give up and waive your right to a trial?

[AETO]: Yes, sir.

THE COURT: I find you've made a knowing, voluntary and intelligent waiver of your right to trial in this case. On your plea of no contest to Driving Under the Influence of Intoxicating Liquor on July 7, 1998, I find you guilty. Anything you want to say before I sentence you?

[AETO]: No, sir.

THE COURT: All right. I sentence you as follows: 14 (fourteen) hours of alcohol abuse education and counseling; a 90-day license suspension, 30 (thirty) of which will be absolute. But, the 60 (sixty) days you'll be able to drive to and from work, and to and from alcohol assessment and counseling. That will run concurrent with any administrative suspension that has occurred or will occur. A hundred fifty dollar ($150.00) fine, and alcohol assessment and possible treatment at your own expense, and a hundred and seven dollar ($107.00) Drive [sic] Education assessment.

[COUNSEL FOR AETO]: Thank you very much, Your Honor.

[AETO]: Thank you, Your Honor.

THE COURT: Good luck.

On July 15, 2002, Aeto filed a Motion to Withdraw No Contest Plea. In his declaration in support of the motion, counsel for Aeto wrote, in relevant part, as follows:

It is clear from the plea colloquy that there are several problems with the taking of the plea which entitle [Aeto] to withdraw his no contest plea at this time. First, the reading of the charge was never made. As the attached Memorandum of law suggests, this is a jurisdictional defect in District Court. Second, HRPP Rule 11(c) was ignored in several respects—the nature of the charge was never discussed with [Aeto] by the Court, the Court never told [Aeto] what the possible maximum penalty was, and there was minimal discussion about [Aeto's] waiver of a jury trial.

At the conclusion of a hearing on the motion on July 29, 2002, the court orally denied the motion. On January 21, 2004, the court filed a Notice of Entry of Judgment and/or Order and Plea/Judgment.

## POINTS OF ERROR

■ In this appeal, Aeto contends that

manifest injustice occurred because the trial court's change of plea colloquy only ascertained the facts that Aeto: (1) discussed with his attorney his "no contest plea on [his] driving under the influence charge" and the maximum penalty for such a conviction; and (2) waived his right to a trial. The trial court did not inquire into Aeto's actual understanding of the nature of the specific DUI charge against him, nor the direct consequences of his offered plea. In particular, no mention was made of the waiver of Aeto's fundamental trial-related rights that is embedded within his no contest plea: (1) the right to persist in a not guilty plea; (2) the right to a bench trial; (3) the right to compulsory process to secure witnesses on his behalf; (4) the right to confront his accusers; (5) the right to have guilt proven beyond a reasonable doubt; and (6) the right to have lesser included offenses considered.

(Citation omitted.)

## STANDARD OF REVIEW

■ [W]hen a defendant moves to withdraw a plea of nolo contendere under [HRPP] 32(d) after imposition of sentence, only a showing of manifest injustice will entitle the defendant to withdraw his or her plea. When a trial court denies a motion to withdraw a plea, the trial court's determination will not be disturbed on appeal unless abuse of discretion is clearly shown. The burden of establishing abuse of discretion is on appellant and a strong showing is required to establish it.

*State v. Nguyen,* 81 Hawai'i 279, 286, 916 P.2d 689, 696 (1996) (citations and quotation marks omitted).[2]

## DISCUSSION

■ Where the record pertaining to the motion to withdraw guilty plea is complete, as it is in this case, "[t]he defendant has the burden of establishing plausible and

---

**2.** The word "manifest" "is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident." BLACK's LAW DICTIONARY 962 (6th ed.1990). "Manifest injustice" is defined as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that

is based on a plea agreement that the prosecution rescinds." BLACK's LAW DICTIONARY 974 (7th ed.1999). That being so, query why the abuse of discretion standard of review, rather than the right/wrong standard of review, is applied to the trial court's decision that the required showing of a "manifest injustice" has not been made.

legitimate grounds for the withdrawal." [*State v. Merino,* 81 Hawai'i 198, 223, 915 P.2d 672, 697 (1996) ] (citation and internal quotation marks omitted; brackets in the original); *Reponte v. State,* 57 Haw. 354, 361, 556 P.2d 577, 582 (1976) (defendant must carry this burden by a preponderance of the evidence). *Cf. Carvalho v. Olim,* 55 Haw. 336, 342–43, 519 P.2d 892, 896–97 (1974) (where the record is silent, it is presumed that the defendant did not voluntarily and knowingly enter his or her guilty plea and the burden is on the State to rebut that presumption).

*State v. Topasna,* 94 Hawai'i 444, 451, 16 P.3d 849, 856 (App.2000).

In this case, the record pertaining to the motion to withdraw guilty plea is complete. Aeto had the burden of establishing, by a preponderance of the evidence, plausible and legitimate grounds for the withdrawal. To prevail on his motion, it was Aeto's burden to prove the occurrence of a "manifest injustice." The mere fact that the court did not comply with all of the requirements of HRPP Rule 11 when he accepted Aeto's plea is not proof of a "manifest injustice." Therefore, Aeto has failed to satisfy his burden of proof and the July 29, 2002 order must be affirmed.

## CONCLUSION

Accordingly, we affirm the January 21, 2004 Notice of Entry of Judgment and/or Order and Plea/Judgment that denied the July 15, 2002 Motion to Withdraw No Contest Plea filed by Defendant–Appellant Justin K.H. Aeto.