JACQUELINE OVERTURF, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee, (S.P.P. NO. 04-1-0010)
STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JACQUELINE OVERTURF, Defendant-Appellant, (CR. NO. 01-1-0168).
Nos. 27402, 28777
Intermediate Court of Appeals of Hawaii.
March 12, 2008.
On the briefs:
Jacqueline A. Overturf, Petitioner-Appellant pro se.
Darien W.L.C. Nagata, Deputy Prosecuting Attorney, County of Hawai`i, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and FUJISE, JJ.
Petitioner-Appellant Jacqueline A. Overturf (Overturf), pro se, appeals from the Order Denying Rule 40 Petition for Post Conviction Relief; Findings of Facts; Conclusions of Law; Order (Order) filed on June 21, 2005 in the Circuit Court of the Third Circuit[1] (circuit court). Overturf filed her "Petition to Vacate, Set Aside or Correct Illegal Judgment or to Release Petitioner from Custody" and her "Brief in Support of Rule 40 Application for Post Conviction Relief" (Rule 40 Petition) on August 26, 2004 pursuant to Hawai`i Rules of Penal Procedure Rule 40.
In the criminal case (Cr. No. 01-1-0168) collaterally challenged by Overturf in her Rule 40 Petition, Overturf was originally indicted on May 23, 2001 on two counts of Promoting a Dangerous Drug in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 712-1242(1)(c) (1993 & Supp. 2001). On November 27, 2001, a Complaint Superseding Indictment was filed charging Overturf as follows: Counts I and IIPromoting a Dangerous Drug in the Second Degree in violation of HRS § 712-1242(1)(c) (1993 & Supp. 2001); Count IIIUnauthorized Entry into Motor Vehicle in violation of HRS § 708-836.5 (Supp. 2001); and Count IVCriminal Property Damage in the Fourth Degree in violation of HRS § 708-823(1) (1993). On the same day, Overturf waived indictment and entered no-contest pleas to all counts. Prior to accepting the pleas of no contest, the circuit court[2] engaged Overturf in a lengthy colloquy that included a review of the factual basis for each count, an explanation of the rights Overturf waived by entering a plea of no contest, and the maximum sentences facing Overturf. Overturf acknowledged her understanding of each matter addressed by the circuit court and asked no questions when given the opportunity. The circuit court asked Overturf if she was satisfied with the services and advice of her counsel and she confirmed that she was satisfied.
The circuit court entered its judgment on February 8, 2002, sentencing Overturf to serve imprisonment as follows: Count Iten years (mandatory minimum 3 years 4 months); Count IIten years (mandatory minimum five years); Count IIIfive years; and Count IVthirty days. The circuit court also sentenced Overturf to pay statutorily authorized fees for each count. Overturf did not appeal from this judgment.
On August 26, 2004, Overturf filed her Rule 40 Petition, in which she argued:
1. She was denied her right to trial.
A. She was denied the effective assistance of counsel based on statements made by her attorney that caused her to enter the no-contest pleas.
B. Her pleas of no contest were not voluntary and informed because they were the result of her counsel's explanation of her legal position and the likelihood of prevailing at trial.
2. She was denied her right to appeal because she had asked her counsel to file an appeal on the grounds that she had not voluntarily entered pleas of no contest.
3. The circuit court failed to adequately advise her of the consequences of her plea by not informing her that she could be sent to a maximum security prison in another state.
4. Incarceration in another state constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.
The State of Hawai`i opposed Overturf's Rule 40 Petition, and the circuit court held a hearing on the Rule 40 Petition, at which Overturf was present and represented by new counsel.
In its Order, the circuit court found that Overturf faced, and was concerned about, a possible 50-year sentence, Overturf's attorney was also concerned about a possible consecutive mandatory minimum term of imprisonment, the plea bargain provided a better alternative for Overturf than the possible consecutive and extended term sentences Overturf faced, and the judge accepting the plea "went through a lengthy and thorough change of plea colloquy with the Petitioner (Defendant) on November 27, 2001." Based upon its findings of fact, the circuit court concluded that Overturf's counsel committed no specific errors or omissions reflecting a lack of skill judgment, or diligence, and was not ineffective. The circuit court also concluded that Overturf's plea was made knowingly, intelligently and voluntarily, and that case law did not support the withdrawal of Overturf's plea.
On appeal, Overturf contends:
1. The circuit court erred in denying Overturf's request to withdraw her pleas of no contest because she was denied the effective assistance of counsel due to counsel's last minute change in his assessment of the case, counsel's statements that she would be "crucified" at trial, and that she could not assert her innocence at the time of entering her plea.
2. The circuit court erred in denying Overturf's request to withdraw her pleas of no contest because the pleas were not voluntary.
Overturf does not challenge the circuit court's findings of fact and is therefore bound by them. Honda v. Bd. of Trs. Of the Employees' Retirement System, 108 Hawai`i 212, 239, 118 P.3d 1155, 1182 (2005) ("Findings of Fact . . . not challenged on appeal are binding on the state appellate court.").
On a claim of ineffective assistance of counsel, we assess whether counsel's performance was "within the range of competence demanded of attorneys in criminal cases." Briones v. State, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993) quoting State v. Kahalewai, 54 Haw. 28, 30, 501 P.2d 977, 979 (1972) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Overturf is required to show "specific errors or omissions . . . reflecting counsel's lack of skill, judgment, or diligence[,]" and that "these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980) quoted in Briones, 74 Haw. at 462, 848 P.2d at 976. Upon careful review of the record and the briefs submitted by the parties, we hold that Overturf has failed to show any specific errors by her counsel that reflect a lack of skill, judgment or diligence.
Overturf's claim that her plea was not voluntary was essentially a request to withdraw her plea. "[W]hen a trial court denies a motion to withdraw a plea, the trial court's determination will not be disturbed on appeal unless abuse of discretion is clearly shown." State v. Aeto, 105 Hawai`i 257, 260, 96 P.3d 586, 589 (App. 2004) quoting State v. Nguyen, 81 Hawai`i 279, 286, 916 P.2d 689, 696 (1996) (citations and quotation marks omitted).
The circuit court applied the correct test of manifest injustice for a post-sentencing request to withdraw a plea. See State v. Cornelio, 68 Haw. 644, 646, 727 P.2d 1125, 1126-27 (1986). Manifest injustice does not exist when the court has engaged the defendant in an on-the-record colloquy which demonstrates that the defendant understood the import of the plea and its consequences. See id. Upon careful review of the record and the briefs submitted by the parties, we hold that in light of the extensive colloquy between the circuit court and Overturf prior to the entry of her plea and Overturf's testimony confirming her understanding of the consequences of her plea at the hearing on the Rule 40 Petition, the circuit court did not abuse its discretion in denying Overturf's request to withdraw her pleas of no contest.
Therefore,
IT IS HEREBY ORDERED that the Order Denying Rule 40 Petition for Post Conviction Relief; Findings of Facts; Conclusions of Law; Order filed on June 21, 2005 in the Circuit Court of the Third Circuit is affirmed.
NOTES
[1] The Honorable Glenn S. Hara presided.
[2] The Honorable Riki May Amano presided.