STATE OF HAWAII, Plaintiff-Appellee, *v.* SAMUEL A. CORNE-LIO, JR., Defendant-Appellant

NO. 11042

(CRIMINAL NO. 7656(1))

NOVEMBER 10, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE WALTER M. HEEN, IN PLACE OF WAKATSUKI, J., EXCUSED

OPINION OF THE COURT BY HAYASHI, J.

On December 10, 1984, Defendant-Appellant Samuel A. Cornelio (hereinafter "Cornelio") entered a plea of nolo contendere to one count of Kidnapping, two counts of Sexual Abuse in the First Degree, and one count of Indecent Exposure. Seven months after Cornelio started serving his sentence, he filed a Motion to Withdraw Plea of Nolo Contendere. This appeal arises from a denial of Cornelio's motion to withdraw his plea of nolo contendere. The sole issue on appeal is whether Cornelio should be granted his motion to withdraw the plea of nolo contendere where the record shows that Cornelio was not afforded the procedural safeguards during his plea hearing pursuant to Rule 11 of the Hawaii Rules of Penal Procedure (hereinafter "HRPP").[1] Based on a careful review of the record, we conclude that the trial court error was harmless in this case. We affirm the denial of Cornelio's motion to withdraw his plea of nolo contendere.

---

[1]Cornelio's remaining claims are without merit. Cornelio contends that where he denied guilt at the sentencing hearing, the judge should have conducted a searching inquiry addressed to Cornelio personally, to ensure his complete understanding of the plea and its consequences. In the instant case, however, Cornelio's denial of guilt was not contemporaneous to his plea of nolo contendere. Rather, it occurred at the sentencing hearing after his plea was already accepted. *Compare State v. Smith,* 61 Haw. 522, 606 P 2d 86 (1980) (where a tendered plea of guilty is accompanied by a contemporaneous denial of the acts constituting the crime charged, a searching inquiry addressed personally to the defendant is required to ensure the defendant's complete understanding of the finality of his guilty plea). Cornelio's claim of manifest injustice because he was sentenced to the maximum term of incarceration allowed by law similarly is without merit. In fact, Cornelio was actually subject to a potential twenty year sentence pursuant to the kidnapping charge (class A felony) and only received five years (class C felony).

I.

On October 27, 1983, Cornelio was indicted for one count of Indecent Exposure, two counts of Attempted Rape in the First Degree and two counts of Kidnapping. Cornelio entered a plea of not guilty on all counts and requested a jury trial. On December 10, 1984, Cornelio changed his not guilty plea and entered a plea of nolo contendere to one count of Indecent Exposure, two counts of Sexual Abuse in the First Degree and one count of Kidnapping. Cornelio's change of plea resulted from a plea bargain with the prosecution.

During the Change of Plea hearing, the trial court and Cornelio engaged in a brief dialogue. The record shows that this colloquy, however, was deficient in several respects. The trial court failed to: (1) inform Cornelio of the nature of the plea agreements pursuant to HRPP Rule 11(d); (2) warn that the court was not bound by those agreements pursuant to HRPP Rule 11(e)(3); and (3) advise Cornelio of the maximum sentence of extended term of imprisonment pursuant to HRPP 11(c)(2).

On September 16, 1985, seven months after Cornelio started serving his sentence, Defendant moved the trial court to allow him to withdraw his plea of nolo contendere and to reconsider and reduce his sentence. Cornelio asserted that he suffered "manifest injustice" by not being afforded the procedural safeguards provided in HRPP Rule 11. This motion was denied on October 15, 1985. Cornelio now appeals the order denying the motion.

II.

The standard of review for the withdrawal of a nolo contendere plea after sentence is based on a showing of necessity to avoid manifest injustice. HRPP Rule 32(d) provides that:

A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

*Id.* Therefore, Cornelio is entitled to withdraw his plea of nolo contendere only upon a showing of manifest injustice. *See State v. Tachibana,* 67 Haw. 573, 698 P.2d 287 (1985); *State v. Anderson,* 4 Haw. App. 102, 661 P.2d 716 (1983). This court has held that there is no manifest

injustice when the trial court has made "'an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.'" *State v. Williams*, 68 Haw. ___, ___, 720 P.2d 1010, 1012 (1986) (quoting *State v. Vaitogi*, 59 Haw. 592, 602, 585 P.2d 1259, 1265 (1978)).

It is clear that the trial judge failed to strictly conform with the guidelines provided in HRPP Rule 11. Although the court informed Cornelio as to the maximum penalties that may be imposed for the offenses to which the nolo contendere plea was offered and inquired whether he understood the plea, this alone was insufficient for ensuring a knowing and voluntary plea. This court has stressed that it is incumbent on all trial judges to strictly conform to the guidelines provided in HRPP Rule 11. *Vaitogi*, 59 Haw. 592, 585 P.2d 1259 (1978). This does not mean that trial judges must resort to a ritualistic litany in determining the voluntariness of a nolo contendere plea. *Id.* at 601, 585 P.2d at 1265; *State v. Dicks*, 57 Haw. 46, 51, 549 P.2d 727, 731 (1976). However, we cannot emphasize enough that all procedural components of HRPP Rule 11 should actually be complied with by the trial judges.

In the case at bar, however, the trial court's failure to conform with HRPP Rule 11 was harmless error because the court sentenced Cornelio to a lesser term of imprisonment than was possible. The court incorrectly stated that the maximum term of imprisonment for the kidnapping charge was ten years. HRS § 707-720(2) classifies kidnapping as a class A felony. HRS § 706-659 provides that the maximum term of imprisonment is twenty years for a class A felony. It is highly questionable whether Cornelio was entitled to the exception in HRS § 707-720(3) which would have reduced kidnapping to a class B felony. Nevertheless, Cornelio only received a five year imprisonment term or a class C felony. Similarly, the failure to advise Cornelio of the maximum extended sentence was harmless error because the court did not impose one. In sum, it cannot be said that Cornelio suffered manifest injustice that would require the withdrawal of his nolo contendere plea.

Affirmed.

*Gary Robert*, for Defendant-Appellant.

*Artemio C. Baxa*, Deputy Prosecuting Attorney, for Plaintiff-Appellee.