117 P.3d 847

STATE of Hawai'i, Plaintiff–Appellee,

v.

Gerven [1] SORINO, Defendant–Appellant.

No. 26009.

Intermediate Court of Appeals of Hawai'i.

June 29, 2005.

Certiorari Granted Aug. 3, 2005.

---

1. Gerven is incorrectly spelled as Gervin in the lower court and appeal records.

Cynthia A. Kagiwada, on the briefs, for defendant-appellant.

Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

FOLEY, J.; with NAKAMURA, J., Concurring Separately; and WATANABE, Acting C.J., Concurring Separately and Dissenting.

Opinion of the Court by FOLEY, J.

Defendant–Appellant Gerven Sorino (Sorino) appeals from the "Order Denying Defendant's Motion to Set Aside Judgment of Conviction, to Allow Defendant to Withdraw His Plea of No Contest and to Set Case for Trial" filed on July 2, 2003 in the Circuit Court of the First Circuit (circuit court).[2]

On appeal, Sorino contends (1) the circuit court erred when it concluded it had complied with the requirement of Hawaii Revised Statutes (HRS) § 802E–2 (1993) [3] that it administer the statutory advisement on the record to Sorino; (2) the circuit court erred when it denied "Defendant's Motion to Set Aside Judgment of Conviction, to Allow Defendant to Withdraw His Plea of No Contest and to Set Case for Trial" (Motion to Withdraw Plea) filed April 8, 2003 because a grant of the motion was mandatory, pursuant to HRS § 802E–3 (1993),[4] where the court failed to comply with HRS § 802E–2; and (3) Sorino was denied effective assistance of counsel with respect to the Motion to Withdraw Plea because his counsel failed to provide any legal authority other than HRS §§ 802E–2 and 802E–3 and his counsel argued that the circuit court should apply the manifest injustice standard.

## I.

On April 13, 1998, Sorino pled no contest to Terroristic Threatening in the First Degree in violation of HRS § 707–716(1)(d) (1993).[5] The circuit court sentenced Sorino to five years of probation, and Judgment was entered on August 11, 1998. On July 9, 2002, the circuit court revoked Sorino's probation, sentenced him to five years of imprisonment,

2. The Honorable Sandra A. Simms presided.

3. Hawaii Revised Statutes (HRS) § 802E–2 (1993) provides:

§ 802E–2 **Court advisement concerning alien status required.** Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.

4. HRS § 802E–3 (1993) provides:

§ 802E–3 **Failure to advise; vacation of judgment.** If the court fails to advise the de-

fendant as required by section 802E–2 and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, on defendant's motion, the court shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

5. HRS § 707–716 (1993) provides in relevant part:

§ 707–716 **Terroristic threatening in the first degree.** (1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:

. . . .

(d) With the use of a dangerous instrument.

(2) Terroristic threatening in the first degree is a class C felony.

and filed its Order of Resentencing/Revocation of Probation.

On April 8, 2003, Sorino filed the Motion to Withdraw Plea, asking the circuit court to allow him to withdraw his no contest plea and to set his case for trial "on the grounds: 1) that the Court did not advise Defendant of his immigration status prior to accepting Defendant's plea of no contest and 2) manifest injustice." Sorino argued that the circuit court had failed to advise him pursuant to HRS § 802E–2, and, therefore, pursuant to HRS § 802E–3, the circuit court was mandated to vacate the Judgment, permit him to withdraw his plea of no contest and enter a plea of not guilty, and set the case for trial. Attached to the motion was the April 13, 1998 transcript of proceedings at which Sorino had entered his no contest plea and a copy of a "Notice to Appear In removal proceedings under section 240 of the Immigration and Nationality Act" (Notice) from the Immigration and Naturalization Service (INS) (served on Sorino on September 19, 2002). The Notice stated that Sorino was deportable because he was not a citizen or national of the United States and because he had been convicted of Terroristic Threatening in the First Degree (committed against a person with whom he shared a child in common) on August 11, 1998 in the circuit court. The Notice further stated that Sorino was subject to removal from the United States pursuant to § 237(a)(2)(E)(i) of the Immigration and Naturalization Act, as amended, because Sorino was an alien who, after entry, had been convicted of "a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment."

On May 28, 2003, the State filed a memorandum opposing the Motion to Withdraw Plea, arguing that Sorino did "not hold an absolute right to withdraw his plea" and there had been no showing of "manifest injustice" entitling Sorino to withdraw his plea. The State argued that the record showed Sorino had been advised by the circuit court and fully understood the immigration consequences of his plea.

On June 2, 2003, the circuit court held a hearing on the Motion to Withdraw Plea. The circuit court issued its July 2, 2003 order denying the Motion to Withdraw Plea based on the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On March 20, 1998, Defendant's counsel requested a misdemeanor charge for his client because of "immigration consequences."

2. On April 3, 1998, the Court, by way of a Pre-trial Conference, advised Defendant's counsel to contact the Immigration and Naturalization Service regarding immigration consequences for his client.

3. On April 13, 1998, Defendant was warned on the record that his plea could have a bearing on his relationship with the Immigration and Naturalization Service; and based upon a colloquy with the court, Defendant was sufficiently advised and fully understood the potential immigration consequences of his plea.

4. On April 13, 1998, Defendant signed a Change of Plea form which warned him that if he was not a citizen of the United States, a conviction might have the consequence of deportation.

### CONCLUSIONS OF LAW

1. The Court is not required to resort to a ritualistic litany when advising a Defendant of the consequences of his plea. *State v. Cornelio*, 68 Haw. 644, 727 P.2d 1125 (1986).

2. The Court may use additional sources other than the Defendant to find a sufficient basis for his plea. *State v. Tachibana*, 67 Haw. 573, 698 P.2d 287 (1985).

3. Based upon the Findings of Fact above, Defendant has failed to make a showing of manifest injustice and therefore cannot withdraw his plea. *State v. Adams*, 76 Hawai'i 408, 879 P.2d 513 (1994).

## II.

■ Sorino contends the circuit court was required to personally address him in open court prior to accepting his plea of no contest and apprise him of the required advisement under HRS § 802E–2:

If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Hawai'i Rules of Penal Procedure (HRPP) Rule 11(c)(5) provides:

**Rule 11.  Pleas.**

. . . .

(c) *Advice to defendant.*  The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that he understands the following:

. . . .

(5) that if he is not a citizen of the United States, a conviction of the offense for which he has been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

The language of HRPP Rule 11(c)(5) requires the court to personally address the defendant in open court and determine that the defendant understands the advisement set forth in HRS § 802E–2 and HRPP Rule 11(c)(5).

In 1998 when Sorino moved to withdraw his plea, HRPP Rule 32(d) read as follows:

**Rule 32.  Sentence and judgment.**

. . . .

(d) *Withdrawal of plea of guilty.*  A motion to withdraw a plea of guilty or of nolo

contendere may be made only before sentence is imposed or imposition of sentence is suspended; but *to correct manifest injustice* the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.[6]

(Emphasis and footnote added.)

■ "The standard of review for the withdrawal of a nolo contendere plea after sentence is based on a showing of necessity to avoid manifest injustice." *State v. Cornelio,* 68 Haw. 644, 646, 727 P.2d 1125, 1126 (1986).

HRPP Rule 32(d) provides that

. . . to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

*Id.* . . . [The Hawai'i Supreme Court] has held that there is no manifest injustice when the trial court has made an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.

68 Haw. at 646–47, 727 P.2d at 1126–27 (internal quotation marks and citations omitted).

Under HRS § 802E–3, a different standard applies.  If the court failed

to advise defendant as required by section 802E–2 and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, . . . on defendant's motion, the court shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere. . . . Absent a record that the court provided the advisement required by this section, the defendant shall be presumed

---

6.  Hawai'i Rules of Penal Procedure (HRPP) Rule 32(d) was amended effective July 1, 2004 to read as follows:

(d) *Withdrawal of Plea.* A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than

ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw the plea.  At any later time, a defendant seeking to withdraw a plea of guilty or nolo contendere may do so only by petition pursuant to Rule 40 of these rules and the court shall not set aside such a plea unless doing so is necessary to correct manifest injustice.

not to have received the required advisement.

*Id.*

Hawaii Revised Statutes Chapter 802E was enacted on June 15, 1988. 1988 Haw. Sess. Laws Act 382, §§ 1–3 at 749–50; *State v. Nguyen,* 81 Hawai'i 279, 289, 916 P.2d 689, 699 (1996). Rule 11(c)(5) of HRPP was promulgated by the Hawai'i Supreme Court, effective September 2, 1988, adopting the advisement contained in HRS § 802E–2. *Nguyen,* 81 Hawai'i at 288, 916 P.2d at 698. There was no corresponding amendment made to HRPP Rule 32(d) adopting the language of HRS § 802E–3.

Rules 11(c)(5) and 32(d) of HRPP were promulgated by the Hawai'i Supreme Court pursuant to Article VI, § 7 of the Hawai'i Constitution. Article VI, § 7 provides that the "supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure, and appeals, which shall have the force and effect of law." To the extent a rule promulgated by the Hawai'i Supreme Court relating to process, practice, procedure and appeals in the courts is inconsistent with a prior act of the legislature governing the same, the rule of the Hawai'i Supreme Court prevails. *Kudlich v. Ciciarelli,* 48 Haw. 290, 299–300, 401 P.2d 449, 455 (1965) [7] (Hawai'i Rules of Civil Procedure were adopted in 1953 under §§ 214–14 to 214–17 of R.L.H.1955 and when effective on June 14, 1954, "superseded any statute in conflict therewith," except for statutes of limitation); *see also State v. Hawaiian Dredging Co.,* 48 Haw. 152, 159, 397 P.2d 593, 599 (1964).

There is no inconsistency between HRS § 802E–2 and HRPP Rule 11(c)(5). Rule 11(c)(5) adopts the advisement contained in HRS § 802E–2, making it clear that the court shall address the defendant personally in open court and determine that the defendant understands the advisement contained

in Rule 11(c)(5) and HRS § 802E–2. *Nguyen,* 81 Hawai'i at 288, 916 P.2d at 698.

Rather than reciting the advisement contained in HRPP Rule 11(c)(5) and HRS § 802E–2, the circuit court stated:

> Q. [Court] And then, lastly, you do not have to tell me if you are or are not, but I'm required to tell you that if you're not a citizen, this plea may have a bearing on whatever relationship you have with the Immigration and Naturalization Service. Do you understand that?
>
> A. [Sorino] Yes, Your Honor.

Sorino did, however, sign a plea form that contained the required advisement. In answer to the circuit court's questions, Sorino answered that he had read the plea form with his lawyer, understood it, and had no questions about the form. Sorino acknowledged that he understood and spoke English.

In *Nguyen,* the Hawai'i Supreme Court discussed the relationship among HRS §§ 802E–2 and 802E–3 and HRPP Rules 11(c)(5) and 32(d). Although *Nguyen* concerned a withdrawal of plea pursuant to HRPP Rule 32(d) prior to the effective date of HRS Chapter 802E, the Hawai'i Supreme Court, in quoting HRS § 802E–3, indicated that HRS § 802E–3, not HRPP 32(d), would govern the withdrawal of a plea based on a court's failure to comply with the advisement required under HRS § 802E–2:

> Nevertheless, Nguyen correctly asserts that a statute, HRS Chapter 802E, currently requires courts, prior to accepting a plea of nolo contendere, to advise defendants that, if they are not citizens of the United States, their convictions "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." HRS § 802E–2 (1993). Effective September 2, 1988, an amendment to HRPP Rule 11(c)(5) also requires courts to determine that such defendants understand the collateral consequence of possible deportation. "If the

---

7. In *Kudlich v. Ciciarelli,* 48 Haw. 290, 300 401 P.2d 449, 455 (1965), the Hawai'i Supreme Court discussed the fact that the 1960 revision of the First Circuit Court rules were adopted and promulgated by order of the supreme court un-

der Article V, § 6 of the Hawai'i Constitution. As a result of the 1978 Hawai'i Constitutional Convention, the articles were renumbered and Article V, § 6 became Article VI, § 7.

court fails to advise the defendant as required by section 802E–2 and the defendant shows that conviction of the offense to which the defendant pleaded ... nolo contendere may have the consequence for the defendant of deportation, ... the court shall vacate the judgment." HRS § 802E–3 (1993).

*Nguyen,* 81 Hawai'i at 288–89, 916 P.2d at 698–99 (brackets and footnotes omitted).

The circuit court therefore erred as a matter of law in considering Sorino's Motion to Withdraw Plea under HRPP Rule 32(d) as opposed to HRS § 802E–3.

Under HRS § 802E–3, the circuit court was required to grant Sorino's Motion to Withdraw Plea if the court had failed to advise Sorino as required by HRS § 802E–2. Under HRPP Rule 11(c)(5), which adopted the advisement of HRS § 802E–2, that advisement was to be done by the circuit court addressing Sorino personally in open court and determining he understood that if he was "not a citizen of the United States, a conviction of the offense for which he [had] been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Although the circuit court did not recite this advisement orally to Sorino, Sorino did state in open court, in response to an inquiry from the circuit court, that he had read this advisement with his attorney and understood it. Although the circuit court applied the wrong standard in denying Sorino's Motion to Withdraw Plea, under the standard set forth in HRS § 802E–3, Sorino's motion should have been denied.

Sorino's argument that his trial counsel was ineffective in the filing and arguing of Sorino's Motion to Withdraw Plea is without merit.

### III.

The July 2, 2003 "Order Denying Defendant's Motion to Set Aside Judgment of Conviction, to Allow Defendant to Withdraw His Plea of No Contest and to Set Case for Trial" is affirmed.

### Concurring Opinion by NAKAMURA, J.

I agree with Judge Foley's conclusion that the circuit court satisfied the requirements of Hawaii Revised Statutes (HRS) § 802E-2 and Hawai'i Rules of Penal Procedure (HRPP) Rule 11(c)(5) in accepting the no contest plea of Defendant-Appellant Gerven Sorino (Sorino). In my view, this conclusion disposes of Sorino's appeal regardless of whether the standard for plea withdrawal set forth in HRS § 802E-3 or in HRPP 32(d) applies. I therefore would not reach the issue of which standard applies in Sorino's case. I concur in the result reached by Judge Foley and join in his conclusion that the circuit court's plea colloquy satisfied the requirements of HRS § 802E-2 and HRPP Rule 11(c)(5). I express no opinion on the relationship between HRS § 802E-3 and HRPP Rule 32(d).

### Concurring and Dissenting Opinion by WATANABE, Acting C.J.

I agree with Associate Judge Daniel R. Foley that the Circuit Court of the First Circuit (the circuit court) erred by considering Defendant–Appellant Gervin Sorino's (Sorino) Motion to Withdraw Plea under Hawai'i Rules of Penal Procedure (HRPP) Rule 32(d) instead of Hawaii Revised Statutes (HRS) § 802E-3 (1993). I also agree that HRPP Rule 11(c)(5), which was adopted by the Hawai'i Supreme Court to implement HRS chapter 802E, "mak[es] it clear that the court shall address the defendant personally in open court and determine that the defendant understands the advisement contained in Rule 11(c)(5) and HRS § 802E-2." Majority Opinion at 851. Finally, I agree that the circuit court failed to "recit[e] the advisement contained in HRPP Rule 11(c)(5) and HRS § 802E-2" to Sorino in open court. *Id.*

However, I respectfully disagree with the majority's conclusion that Sorino's Motion to Withdraw Plea was properly denied.

### A.

It is well-settled that a guilty plea "shall not be accepted unless made voluntarily after proper advice and *with full understanding of the consequences.*" *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71

L.Ed. 1009 (1927) (emphasis added). *See also Brady v. United States,* 397 U.S. 742, 748–49 n. 6, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (emphasizing the "importance of assuring that a defendant does not plead guilty except with a full understanding of the charges against him and the possible consequences of his [or her] plea").

The United States Supreme Court has never fully delineated what "consequences" of a guilty plea a defendant must fully understand before his or her plea is accepted. In Hawai'i, however, the general rule is that "[c]ourts need not inform defendants prior to accepting their guilty or nolo contendere pleas about every conceivable collateral effect that a conviction might have." *State v. Nguyen,* 81 Hawai'i 279, 287, 916 P.2d 689, 697 (1996). Applying this general rule, our supreme court concluded in *Nguyen* that "absent a rule or statute, a court has no duty to warn defendants pleading guilty or 'no contest' about the possibility of deportation as a collateral consequence of conviction." *Id.*

In *Nguyen,* the retrospective operation of HRS chapter 802E was at issue. However, the supreme court expressly acknowledged that

> HRS Chapter 802E[ ] currently *requires* courts, prior to accepting a plea of nolo contendere, to advise defendants that, if they are not citizens of the United States, their convictions "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." HRS § 802E–2 (1993). Effective September 2, 1988, an amendment to HRPP Rule 11(c)(5) also *requires* courts to determine that such defendants understand the collateral consequence of possible deportation.

81 Hawai'i at 288, 916 P.2d at 698 (footnotes omitted; emphases added). Thus, with the enactment of HRS chapter 802E, defendants have a statutory right to receive the immigration advisements set forth in HRS § 802E–2 (1993).

In my view, the language of HRS § 802E–2 is plain and unambiguous. It mandated that the circuit court give a very explicit advisement to Sorino "on the record" before ac-cepting his no-contest plea. The circuit court clearly did not recite the advisement to Sorino and, therefore, violated the terms of HRS § 802E–2.

The language of HRS § 802E–3 is also plain and unambiguous in setting forth the consequences that must follow if a court fails to give the statutory advisement:

> **Failure to advise; vacation of judgment.** If the court fails to advise the defendant as required by section 802E–2 and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, on defendant's motion, the court *shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.*

(Emphasis added.)

Since the circuit court failed to give Sorino the statutory advisement required by HRS § 802E–2 and Sorino showed that his conviction had deportation consequences, as evidenced by the deportation proceedings initiated against him by the Immigration and Naturalization Service on September 19, 2002, I would conclude that HRS § 802E–3 required the circuit court to "vacate the judgment" and permit Sorino to withdraw his no-contest plea.

### B.

In addition to HRS § 802E–2, HRPP Rule 11(c)(5) imposed the following duty on the circuit court when it accepted Sorino's plea of nolo contendere:

> The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant *personally in open court* and determining that he [or she] understands the following:
>
> . . . .
>
> . . . that if he [or she] is not a citizen of the United States, a conviction of the offense for which he [or she] has been charged may have the consequences of de-

portation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. (Emphasis added.)

In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the United States Supreme Court was called upon to determine the effect of a district court's failure to follow the provisions of Federal Rules of Criminal Procedure Rule 11,[1] the federal counterpart to HRPP Rule 11. The Supreme Court noted that there were two purposes for Rule 11:

> First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.
>
> . . . .
>
> These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his [or her] privilege against compulsory self-incrimination, his [or her] right to trial by jury, and his [or her] right to confront his [or her] accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464[, 58 S.Ct. 1019, 82 L.Ed.

1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

*McCarthy v. United States* 394 U.S. 459, 465–66, 89 S.Ct. 1166, 22 L.Ed.2d 418 (footnotes omitted).

The Supreme Court then held:

> To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary. Both of these goals are undermined in proportion to the degree the district judge resorts to "assumptions" not based upon recorded responses to his inquiries. For this reason, we reject the Government's contention that Rule 11 can be complied with although the district judge does not personally inquire whether the defendant understood the nature of the charge.

*Id.* at 467, 89 S.Ct. 1166 (footnote omitted).

Having decided that Rule 11 had not been complied with, the Supreme Court next considered what effect the noncompliance had on the defendant's guilty plea. The Supreme Court concluded that "a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew[.]" *Id.* at 472, 89 S.Ct. 1166. The Court reasoned that this holding

> is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

---

1. At the time that *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), was decided, Federal Rules of Criminal Procedure Rule 11(c) provided as follows:

> A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea

not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate.

*Id.*

The Supreme Court's reasoning in *McCarthy* is persuasive as applied to the facts of this case, particularly since the remedy that the Supreme Court concluded was appropriate for a Rule 11 violation is consistent with the remedy set forth in HRS § 802E–3.

### C.

The majority overlooks the circuit court's failure to comply with HRS § 802E–2 and HRPP Rule 11(c)(5) by relying on the fact that Sorino read the advisement on a preprinted written change of plea form. This written advisement, however, did not satisfy HRS § 802E–2 because it was not made by "the court" and was not made "on the record." *See* HRS § 802E–2. Likewise, the written advisement did not satisfy HRPP Rule 11(c)(5) in that it was not made "personally in open court[.]" *See* HRPP Rule 11(c)(5).

An otherwise sufficient advisement contained in a written change of plea form does not meet the express requirements of HRS § 802E–2. To hold otherwise would render meaningless the legislature's command that "the court shall administer the following ad-

visement on the record to the defendant[.]" HRS § 802E–2.

### D.

Other states that have enacted immigration advisement statutes similar to HRS chapter 802E [2] have required either strict or substantial compliance with the statutes.

In *State v. Douangmala,* 253 Wis.2d 173, 646 N.W.2d 1 (2002), the Wisconsin Supreme Court applied the strict compliance standard and held that if a circuit court failed to give a defendant the specific deportation warning required by Wisconsin Statutes (Wis.Stat.) § 971.08(1)(c) [3] and the "defendant moves the court and demonstrates that the plea is likely to result in the defendant's deportation, then [Wis. Stat.] § 971.08(2)[ [4]] requires the circuit court to vacate the conviction and to permit the defendant to withdraw the guilty or no-contest plea." *Id.* at 10 (footnote added).

In *Douangmala,* the State of Wisconsin argued that the circuit court's failure to give the statutory advisement was harmless, since the defendant was aware of the deportation consequences at the time he entered his plea. The state pointed out that the defendant had filed a Request to Enter Plea and Waiver of Rights form, on which the defendant acknowledged the following statement by initialing the blank margin next to the statement:

I understand that if I am not a citizen of the United States of America, a plea of guilty or no contest to the offense(s) for

---

**2.** The District of Columbia and the following seventeen states have enacted statutes that require immigration advisements that are substantially similar to the advisement required by Hawaii Revised Statutes § 802E–2: California, Connecticut, Florida, Georgia, Maryland, Massachusetts, Minnesota, Montana, New Mexico, New York, North Carolina, Ohio, Oregon, Rhode Island, Texas, Washington, and Wisconsin. *See Immigration and Naturalization Serv. v. St. Cyr,* 533 U.S. 289, 322 n. 48, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

**3.** Wisconsin Statutes (Wis.Stat.) § 971.08(1)(c) (1999–2000) required a court accepting a guilty or no-contest plea to personally advise the defendant as follows:

If you are not a citizen of the United States of America, you are advised that a plea of guilty

or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law.

*State v. Douangmala,* 253 Wis.2d 173, 646 N.W.2d 1, 2 (2002).

**4.** Wis. Stat. § 971.08(2) provided as follows:

If a court fails to advise a defendant as required by sub. (1)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea or no contest on any other grounds.

which I am charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law.

*Id.* at 3. Rejecting the state's argument, the Wisconsin Supreme Court concluded that, given the clear statutory directive to the circuit courts and the specific statutory remedy provided by the legislature for failure to comply with the directive, the harmless error rule did not apply. *Id.* at 9.

The majority of states with statutes similar to HRS chapter 802E require substantial, not literal, compliance with the statutory advisement requirement. *See, e.g., State v. Malcolm,* 257 Conn. 653, 778 A.2d 134, 139 (2001); *Slytman v. United States,* 804 A.2d 1113, 1116 (D.C.2002); *State v. Francis,* 104 Ohio St.3d 490, 820 N.E.2d 355, 363 (2004); *Machado v. State,* 839 A.2d 509, 513 (R.I. 2003). These courts hold that although verbatim recitation of the statutory advisement is preferable, the denial of a defendant's guilty or nolo contendere plea will be upheld on appeal as long as the defendant is substantially informed of the three specific immigration consequences of (1) deportation, (2) exclusion, and (3) denial of naturalization.

The case of *Machado v. State* is instructive because its underlying facts are very similar to the facts of this case. The issue in *Machado* was whether the trial court's pre-plea colloquy with the defendant satisfied the command of a Rhode Island statute that "the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization[.]" At the plea hearing, the trial court informed the defendant as follows:

> You also understand that because of the fact that you are a resident alien here that this may have some effect upon what happens with the immigration service. Do you understand that?

*Id.* at 511. Additionally, defense counsel stated on the record that he had explained to his client that an alien entering a plea faces the possibility of deportation.

The Rhode Island Supreme Court, applying the substantial compliance standard, held that although verbatim recitation of the statutory warning was not required, "neither a generalized reference to potential immigration consequences nor an advisement of deportation alone gives adequate notice to an alien defendant of the possibility of exclusion or denial of naturalization." *Id.* at 513 (footnote omitted).

In this case, the circuit court advised Sorino: "I'm required to tell you that if you're not a citizen, this plea may have a bearing on whatever relationship you have with the Immigration and Naturalization Service. Do you understand that?" This colloquy was vague and generalized and did not address any of the specific immigration-related consequences set forth in HRS § 802E-2. Under either the literal or substantial compliance test, therefore, the circuit court's advisement was improper.

For the foregoing reasons, I hold that Sorino was entitled to the remedy provided by HRS § 802E-3.